# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL J. MARKEY III, | Case No. |
| Plaintiff, | COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF |
| -against- | |
| MATTHEW CURTIN, Councilman, Borough of Yardley, in his official and individual capacities; CAROLINE THOMPSON, Council President, Borough of Yardley, in her official and individual capacities; PAULA JOHNSON, Manager, Borough of Yardley, in her official and individual capacities; WESLEY FORAKER, Code Enforcement Officer and Emergency Manager, Borough of Yardley, in his official and individual capacities; BOROUGH OF YARDLEY, | 42 U.S.C. §§ 1983, 1988 |
| | JURY TRIAL DEMANDED |
| Defendants. | |

# INTRODUCTION

Many people take the idiom you cannot fight city hall—or in this case borough hall—to heart. The Plaintiff rejects this sentiment outright. After a string of resignations from Borough Council, the Plaintiff decided to act and successfully petitioned to put a question on the ballot to reduce the number of borough council members. See Reduce Council Question Faces Yardley Voters In Nov. 8 Election, https://patch.com/pennsylvania/yardley/council-reduction-question-now-yardley-election-ballot. Those entrenched in Yardley Borough Hall and their supporters are perhaps quite displeased with the Plaintiff's activism. Nevertheless, those entrenched in Yardley Borough Hall cannot trample upon Plaintiff's fundamental civil liberties. Despite the Plaintiff's pro se litigation to put the question on ballot and his astuteness with "constitutional questions" and "claims of selective enforcement based on viewpoint"[1], Yardley Borough had the gall to censor the Plaintiff's written speech on its official Facebook page. Ergo, Plaintiff, in pro se, avers the following:

# PARTIES

1. Plaintiff Earl J. Markey III, an adult individual who resides at 26 West College Avenue, Yardley, Pennsylvania 19067.

2. Defendant Matthew Curtin is an appointed Councilman of the Borough of Yardley. He is sued in his official and individual capacities.

---

[1] Markey v. Wolf, No. 19A1042 (U.S. 2020) (Alito, J., denying) (Available at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19a1042.html).

3. Defendant Caroline Thompson is President of Council and an elected councilwoman of the Borough of Yardley. She is sued in her official and individual capacities.

4. Defendant Paula Johnson is an employed as the Manager of the Borough of Yardley. She is sued in her official and individual capacities.

5. Defendant Wesley Foraker is an employed as the Code Enforcement Officer and Emergency Manager of the Borough of Yardley. He is sued in his official and individual capacities.

6. Defendant Borough of Yardley ("Yardley Borough") is a political subdivision of the Commonwealth of Pennsylvania situated in the County of Bucks, incorporated as a municipal corporation in conference with the Pennsylvania Borough Code. Yardley Borough is governed by a mayor and borough council currently consisting of seven members. The day-to-day operations of Yardley Borough are performed by employees under the supervision of Defendant Johnson.

7. The Defendants principal address is Yardley Borough Hall 56 South Main Street, Yardley, Pennsylvania 19067.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1346, as this action challenges Defendants' violation of Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983.

9. Venue lies in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the event and omissions giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

10. Among Defendant Johnson's stated job duties is that she "communicates with residents via social media." https://www.yardleyboro.org/borough-staff-1

11. That at all relevant times at issue, Yardley Borough maintains a Facebook page for " Official News and notes on everything Yardley Boro! Also on twitter @YardleyBoro" https://www.facebook.com/YardleyBoro.

12. That the "People who manage this Page" screen of the Facebook page indicates there are four administrators of the page.

13. In addition to "Official News", Yardley Borough uses the Facebook page to advocate for causes and viewpoints favored by Yardley Borough Council or staff administrators. For example, on October 12 at 10:35 AM the following post appeared on the Facebook page.

> As you drive down South Main Street this week, you may notice a few picture boards on the lamp posts. Yardley Borough remembers Kayden.
> Kayden's Korner is dedicated to the protection of children innocently involved in domestic custody challenges.
> It is the mission of Kayden's Korner to affect judicial reform of the family court system through the education of government to the signs of domestic abuse and shine a light on the impact of mental illness to make the health and safety of children the singular concern of the court system.

14. What is more, Yardley Borough allowed comments to such posts. For example, on October 16, 2022 at 4:40 AM, Kaydens Korner[2] commented "Krit Danysh-Ford get the house to pass it through committee get it to the floor for Vote then get it to our governors desk to sign. Pa would get millions to adopt the law.. Kauffman the Republican judicial committee chair is the hold up. This is common sense. Nothing more."

15. At approximately 5:08 AM on October 26, 2022, Plaintiff commented "Appointed Councilman Matt Curtin wants to raise your property taxes by two mills. Stop unelected, out of touch investment bankers, like Matt Curtin, from volunteering your hard-earned money for higher taxes. Vote YES on the referendum to reduce the size of Yardley Borough Council. https://patch.com/pennsylvania/yardley/tax-hike-looming-yardley-borough-residents" to the 10-18-2022 recording of the Yardley Borough Council meeting on the Yardley Borough Official Facebook Page (https://www.facebook.com/YardleyBoro).

---

[2] https://www.facebook.com/KaydensKornerFoundation



**Yardley Boro** was live.
★ Favorites · October 18 at 7:30 PM · 🌐

10-18-2022



 1      1 Comment   3 Shares

👍 Like     💬 Comment     ↪ Share

Write a comment...

**Earl Markey** 
Appointed Councilman Matt Curtin wants to raise property taxes by two mills. Stop unelected, out of touch investment bankers, like Matt Curtin, from volunteering our hard-earned money for higher taxes. Vote YES on the referendum to reduce the size of Yardley Borough Council. https://patch.com/.../tax-hike-looming-yardley-borough...

16. When Plaintiff visited Yardley Borough's Facebook page at appropriately 3:30 PM, he discovered his comment had been removed.



17. Therefore, Plaintiff believes and therefore avers, Defendants directed, authorized, conspired, or otherwise effectuated deletion or removal of his comment from the Yardley Borough Facebook page.

18. The First Amendment embodies "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include

vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). The government may not silence speech because it criticizes government officials or employees, or their favorite ideas or initiatives, even if that speech does so in ways that many people may find unpleasant.

19. The First Amendment's protections extend to public speech at Defendant Yardley Borough's Facebook page, by operation of the Fourteenth Amendment.

20. "[A] public forum may be created by government designation of a place or channel of communication for use by the public at large for assembly and speech, for use by certain speakers, or for the discussion of certain subjects." *Cornelius v. NAACP Legal Def. & Educ. Fund*, 473 U.S. 788, 802 (1985) (citation omitted). A limited public forum is "a subcategory of the designated public forum." *Barna v. Bd. of Sch. Dirs. of the Panther Valley Sch. Dist.*, 877 F.3d 136, 142 n.2 (3d Cir. 2017) (internal quotation marks omitted).

21. Yardley Borough's Facebook page a limited public fora for "Official News and notes on everything Yardley Boro". https://www.facebook.com/YardleyBoro

22. It is incontrovertible that a proposed tax increase, referendum to reduce the size of council, and criticism of an appointed council member falls squarely within the scope of "everything Yardley Boro" and germane to the Yardley Borough despite perhaps being less laudable than judicial reform of the Pennsylvania family court system.

23. "It is cyberspace—the 'vast democratic forums of the Internet' in general, and social media in particular," that is "the most important place[] . . . for the exchange of views" in the modern era. *Packingham v. North Carolina*, 137 S. Ct. 1730, 1735, 1743 (2017). Indeed, social media platforms like Facebook provide "perhaps the most powerful mechanisms available to a private citizen to make his or her voice heard." *Id.* at 1737.

24. By removing or deleting Plaintiff's Facebook post, Defendants, under color of law, deprived and continue to deprive Plaintiffs of the right to free speech in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983, and are therefore entitled to damages, including punitive damages; declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff request that judgment be entered in their favor and against Defendants as follows:

1. An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from removing or deleting Plaintiff's comments,
2. Declaratory relief consistent with the injunction,

3. Monetary damages in an amount to be determined by the Court to compensate Plaintiffs for the impact of a deprivation of fundamental rights,
4. Against Defendants Curtin, Thompson, Johnson, and Foraker an award of punitive and exemplary damages to Plaintiff,
5. Cost of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988, and
6. Any other relief as the Court deems just and appropriate.

I declare under penalty of perjury that the foregoing is true and correct.
Signed this 27 day of October, 2022.

Earl J. Markey III
Pro Se
26 W. College Ave.
Yardley, PA 19067
Phone: 215-740-3243
earlmarkey@earlmarkey.com